UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-42 |
| MILTON CARLOS SEGURA-SANCHEZ | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Milton Carlos Segura-Sanchez's motion for compassionate release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I.    BACKGROUND

On February 21, 2018, defendant pleaded guilty to conspiring to distribute and possessing with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), all in violation of 21 U.S.C. § 846.[3] According to the factual basis that defendant signed, defendant was responsible for 3,974.7 grams of a mixture containing

---

[1]    R. Doc. 48.
[2]    R. Doc. 52.
[3]    R. Doc. 46.

cocaine hydrochloride, which was recovered from a car that was being driven cross-country by one of defendant's associates in connection with defendant's drug dealing activity.[4] Defendant is currently incarcerated at FCI Beaumont Medium, with a release date of July 4, 2023.[5]

On April 25, 2022, defendant moved for compassionate release.[6] He contends that such release is warranted because, among other things, he suffers from hypertension, obesity, and respiratory issues, which put him at higher risk of harm if he contracts COVID-19; he is ineligible for other forms of early release, including through the Residential Drug Abuse Program ("RDAP"), because of his citizenship; his behavior while in custody has been exemplary; and he has family commitments in Mexico. The Government opposes defendant's motion. The Court considers the motion below.

## II.   DISCUSSION

Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*,

---

[4]   R. Doc. 39.
[5]   *See* Fed. Bureau of Prisons, *Find an Inmate* (2023), https://www.bop.gov/inmateloc.
[6]   R. Doc. 48.

2

993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").[7]

### A.  § 3553(a) Factors

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Here, the Court finds that two § 3553(a) factors in particular—the "history and characteristics of the defendant" and the "seriousness of the offense"—militate against early release.  *See* 18 U.S.C. § 3553(a).  Defendant was the organizer of drug-dealing activity involving nearly four kilograms of cocaine.  And despite his assertions otherwise,[8] defendant has a criminal history, including convictions for unlawfully carrying a stolen pistol in a nightclub and for providing a false identification

---

[7]  The Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  In this case, the Government does not dispute that defendant satisfied his exhaustion requirements because he requested compassionate release from his warden more than 30 days before filing this motion.  R. Doc. 48-1; R. Doc. 52 at 1.

[8]  R. Doc. 48 at 2.

3

to the police in February 2017, one year before defendant committed the instant offense.[9] As of the time of defendant's sentencing in this matter, he also had a murder charge pending against him in Texas state court.[10] Police reports indicate that the victim of murder was found dead in the backseat of his burning vehicle, and that defendant admitted to setting the vehicle on fire.[11] The Court thus finds that the § 3553(a) factors do not weigh in favor of granting compassionate release.

### B.   "Extraordinary and Compelling Reasons"

Furthermore, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, defendant asserts that he suffers from hypertension, obesity, and "respiratory issues,"[12] which place him at high risk for death or serious illness if he re-contracts[13] COVID-19. The Court finds that defendant's health concerns do not constitute "extraordinary [or] compelling reasons" warranting compassionate release.

---

[9]   R. Doc. 41 at 11.
[10]  *Id.*
[11]  *Id.*
[12]  Defendant does not elaborate on the nature of his respiratory issues, nor does he provide documentation regarding any of his health issues.
[13]  Defendant represents that he already contracted, and recovered from, COVID-19 once during his term of incarceration. R. Doc. 48 at 8.

4

The Centers for Disease Control and Prevention lists "hypertension" as an underlying medical condition that *may* lead to an increased risk of severe illness if one were to contract COVID-19.[14] Nevertheless, defendant's alleged hypertension is not a medical condition that makes his case "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (affirming the district court's denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke, noting that "nearly half of the adult population in the United States suffers from hypertension"). The same is true for obesity, a condition shared by over 45% of the adult population in the United States. *See United States v. Mondragon*, No. 18-132, 2021 WL 951797, at *5 (E.D. Tex. July 4, 2021) ("Due to their prevalence, obesity, hypertension, and hyperlipidemia cannot be deemed 'extraordinary' in order to merit compassionate release").

Further, defendant was offered, and refused, a COVID-19 vaccine, which "undermines [his] argument that COVID-19 presents an extraordinary

---

[14] Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) *can make you more likely* to get severely ill from COVID-19.").

5

and compelling risk to him."[15] *United States v. Hudson*, No. 10-329, 2021 WL 2912012, at *3 (E.D. La. July 12, 2021) (collecting cases). Further, "to the extent that [defendant] raises a generalized fear of COVID-19, such a reason does not warrant compassionate release." *United States v. Davis*, No. 14-76, 2021 WL 4649700, at *3 (E.D. La. Oct. 7, 2021). The Court thus finds that compassionate release is not warranted on the basis of defendant's health concerns.

Nor is defendant entitled to compassionate release on the basis of his family obligations. In his motion, defendant refers to his "extraordinary close family relationships" with to his two daughters and his elderly mother.[16] To determine whether family circumstances justify compassionate release, courts consider whether "there is a person other than the defendant [who] is available to serve as a caretaker of a minor or incapacitated family member." *United States v. Reeves*, No. 18-313, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28,2020). Defendant does not contend, much less establish, that he is the only person able to care for his daughters or his mother. He contends that he wishes to "be a positive influence in the lives of his children,"[17] but he provides no reason why his family circumstances are

---

15  R. Doc. 52-2 at 62.
16  R. Doc. 48 at 18.
17  *Id.*

extraordinary or compelling such that compassionate release is warranted in this case.

Defendant also asserts that compassionate release is also warranted based on his behavior while he was incarcerated. In particular, he emphasizes that he obtained his GED and that his disciplinary record has been "impeccable."[18] Notably, defendant provides no evidence of his disciplinary record, and in its opposition, the Government identifies evidence that defendant was disciplined for threatening staff during his term of incarceration.[19] Even assuming defendant's representations were true, defendant does not establish that good behavior during incarceration amounts to an extraordinary or compelling circumstance warranting compassionate release.

Next, defendant argues that he should be granted compassionate release because he is ineligible to be released early through RDAP, released to a halfway house pursuant to 18 U.S.C. § 3624(c), or released to home confinement pursuant to the CARES Act due to his citizenship status. But the same is true of all prisoners who are not United States citizens. Defendant's citizenship thus does not constitute an extraordinary or

---

[18]  R. Doc. 48 at 11.
[19]  R. Doc. 52-1.

compelling circumstance warranting compassionate release. *See United States v. Nawaz*, No. 16-431, 2021 WL 664128, at *2 (S.D.N.Y. Feb. 19, 2021) ("[Defendant] contends he would be eligible for home confinement were he a United States citizen. This does not, however, rise to the level of an extraordinary and compelling reason for release."); *United States v. Casas*, 10-3045, 2021 WL 5359363, at *5 (S.D. Cal. Nov. 17, 2021) (BOP's determination that defendant was ineligible for RDAP did not warrant compassionate release).

Finally, defendant contends that his sentence was premised on a misrepresentation of fact in his presentence investigation report,[20] and that if he were sentenced today, he would not have received an 88-month sentence.[21] But he does not identify the alleged misrepresentation of fact in his motion, nor did he object to the facts in the presentence investigation report when it was issued. As to his claim that he would not receive an 88-month sentence if he were to be sentenced today, defendant relies on cases that discuss changes to the way in which the mandatory minimum sentences under 18 U.S.C. § 942(c)(1) are applied.[22] Petitioner was not convicted under that statute, and the mandatory minimum sentence for the statute under

---

[20] R. Doc. 48 at 13.
[21] *Id.* at 15.
[22] *Id.*

8

which he was convicted—five years—has not changed since the time of his sentencing. *See* 21 U.S.C. § 841(b)(1)(B). Defendant has thus failed to establish that a change in law warrants compassionate release.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this __27th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE